CAROLE WHIPPLE, Petitioner, v. THE DEPARTMENT OF REHABILITA-
TION SERVICES *et al.*, Respondents.

Fourth District   No. 4—94—0240

Argued December 13, 1994.—Opinion filed January 12, 1995.

James P. Baker (argued), of Law Offices of James P. Baker, of Springfield, for petitioner.

Roland W. Burris, Attorney General, of Chicago (Rosalyn B. Kaplan, Solicitor General, and Jan E. Hughes, Assistant Attorney General (argued), of counsel), for respondents.

JUSTICE GREEN delivered the opinion of the court:

In July 1991, the Illinois Department of Rehabilitation Services (DORS) discharged petitioner, Carole Whipple, after five months of employment as an office associate. Later that month, Whipple filed a handicap discrimination charge (Ill. Rev. Stat. 1991, ch. 68, par. 2—102(A)) with the Illinois Department of Human Rights (Department), claiming DORS had discriminated against her by failing to provide reasonable accommodation and by discharging her from her employment on the basis of her hearing impairment (Ill. Rev. Stat. 1991, ch. 68, par. 1—103(I)(1)). In August 1993, the Department dismissed Whipple's charge based on a lack of substantial evidence.

Whipple requested review by the Human Rights Commission (Commission), which also dismissed the matter for lack of substantial evidence. (*In re Whipple* (January 31, 1994), Ill. HRC No. 1992SN0034.) Whipple seeks judicial review of the Commission's order pursuant to section 8—111(A) of the Illinois Human Rights Act (Act) (775 ILCS 5/8—111(A) (West 1992)). She argues the Commission erred in finding a lack of substantial evidence to support the handicap discrimination charge.

Upon review of the Department's findings, the Commission may consider any evidence submitted in addition to the Department's report and the results of any investigation. (Ill. Rev. Stat. 1991, ch. 68, par. 8—103(B).) In this case, Whipple had the opportunity to submit new or additional evidence outside the Department record but did not do so.

■ After a full evidentiary hearing before the Commission's ruling, a reviewing court should sustain the Commission's findings of fact as *prima facie* true and correct unless they are against the manifest weight of the evidence. (*Zaderaka v. Human Rights Comm'n* (1989), 131 Ill. 2d 172, 180, 545 N.E.2d 684, 688.) However, when considering whether there is substantial evidence to support a charge, the Commission is not to resolve questions of fact (*Marinelli v. Human Rights Comm'n* (1994), 262 Ill. App. 3d 247, 253, 634 N.E.2d 463, 468-69); rather, its function is to determine whether substantial evidence exists to warrant further proceedings on the charge. (See Ill. Rev. Stat. 1991, ch. 68, pars. 7A—102(D)(2) through (F); *Parham v. Macomb Unit School District No. 185* (1992), 231 Ill. App. 3d 764, 772-73, 596 N.E.2d 1192, 1197.) When the Commission dismisses a discrimination charge based on the Department's investigative report, its decision will not be disturbed absent an abuse of discretion. *Parham*, 231 Ill. App. 3d at 772-74, 596 N.E.2d at 1197-98.

■ The United States Supreme Court has set out a three-part analysis in considering employment discrimination claims. (*McDonnell Douglas Corp. v. Green* (1973), 411 U.S. 792, 36 L. Ed. 2d 668, 93 S. Ct. 1817.) The Supreme Court of Illinois adopted this approach in analyzing employment discrimination claims brought under the Act in the context of dismissal of a Department-issued complaint after a full evidentiary hearing. (*Zaderaka*, 131 Ill. 2d at 178-79, 545 N.E.2d at 687-88.) The first prong of that analysis is whether a *prima facie* case of discrimination has been made. (*Zaderaka*, 131 Ill. 2d at 178-79, 545 N.E.2d at 687.) In reviewing Commission decisions dismissing a charge after only an investigation by the Department, some decisions of the appellate court of Illinois have considered only the first prong. (See *Parham*, 231 Ill. App. 3d 764, 596 N.E.2d 1192; *Marinelli*, 262 Ill. App. 3d 247, 634 N.E.2d 463.) The second prong concerns articulation by the employer of a legitimate nondiscriminatory reason for its decision, and the third prong, if reached, requires the complainant to prove that the employer's reason was pretext and unlawful discrimination existed. Some appellate court decisions concerning Commission decisions dismissing charges after only departmental investigations have not been limited to consideration of the first prong. See *Motley v. Human Rights Comm'n* (1994), 263 Ill. App. 3d 367, 636 N.E.2d 100; *McGaughy v. Human Rights Comm'n* (1993), 243 Ill. App. 3d 751, 612 N.E.2d 964; *Peck v. Department of Human Rights* (1992), 234 Ill. App. 3d 334, 600 N.E.2d 79; *Luckett v. Human Rights Comm'n* (1989), 210 Ill. App. 3d 169, 569 N.E.2d 6.

■ We conclude that a decision of the Commission dismissing a charge after only investigation by the Department must be based

upon the insufficiency of a *prima facie* case, as was done in *Parham* and *Marinelli*. Going into the second or third prongs of the rule in *McDonnell Douglas* and *Zaderaka* would inherently bring into play a balancing of evidence. Examination of the first prong is sufficient here to justify the Commission's order of dismissal.

■ In establishing a *prima facie* case of handicap discrimination under the Act, the rule has been stated that an employee must prove (1) she is handicapped within the definition of the Act; (2) her handicap is unrelated to her ability to perform the functions of the job she was hired to perform; and (3) an adverse job action was taken against her related to her handicap. (*Habinka v. Human Rights Comm'n* (1989), 192 Ill. App. 3d 343, 372-73, 548 N.E.2d 702, 720.) At the investigative stage, as here, however, an employee would only have to tender sufficient evidence to warrant the Director of the Department to conclude substantial evidence exists on each of the elements in support of the charge. Ill. Rev. Stat. 1991, ch. 68, par. 7A— 103(D)(2).

An additional element has been interjected here by Whipple's contention that DORS should have made accommodation for her alleged hearing handicap. In *Milan v. Human Rights Comm'n* (1988), 169 Ill. App. 3d 979, 984, 523 N.E.2d 1155, 1159, the court explained that the above-described elements of a *prima facie* case of handicapped discrimination "include a requirement of accommodation of an employee's handicap by the employer, but the employee bears the burden to assert the duty and to show that the accommodation was requested and necessary for adequate job performance."

The *Milan* opinion did not say how the accommodation issue fits into the three-prong test for showing a *prima facie* case of handicap discrimination. In line with the reasoning of *Milan*, in this case we would expand the second prong of that test to state as follows:

> Her handicap is unrelated to her ability to perform the functions of the job she was hired to perform or, if the handicap is related to that ability to perform, after her request, the employer has failed to make a reasonable accommodation which was necessary for her performance.

■ In this case, the Commission could conclude that Whipple failed to present substantial evidence concerning at least the last two elements of her *prima facie* case. The Commission, upon review of the Department's dismissal of Whipple's charge, stated:

> "In Complainant's Request for Review, Complainant realleges that she has a physical handicap, hearing impairment. However, during the investigation of Complainant's charge, Complainant acknowledged that she made errors while working for Respondent

and that Respondent attempted to accommodate her handicap by providing four different headsets and several transcribers. Moreover, Complainant does not address Respondent's contentions that many of Complainant's errors were due to Complainant's failure to check the spelling of words, that Complainant admitted that many errors were due to Complainant's attempting to work too fast, and that Complainant made many format errors." *Whipple*, slip order at 1-2.

Whipple did not tender substantial evidence that her handicap is unrelated to her ability to perform the functions of an office associate whose primary task is to transcribe dictation. The evidence showed Whipple had a moderately advanced sensory neural hearing loss with a discrimination score of 100% in her right ear and 88% in her left ear. Clearly, partial hearing loss is related to the ability to understand and copy dictation.

In regard to DORS's duty to accommodate for Whipple's alleged handicap, the Commission noted Whipple acknowledged that DORS attempted to accommodate her by providing four different headsets and several transcribers. On June 3, 1991, one month prior to Whipple's scheduled certification, Whipple requested an amplification device for her transcription machine. She stated the device would cost $75. However, a DORS supervisor, who called the dictaphone company the day of complainant's request, stated she was told it could be designed only after a lengthy process and at an unknown cost. Whipple offered no substantiation of her theory that the device would only cost $75 and no evidence that the device would solve her hearing problem. Considering the burden which was placed on Whipple to establish a breach of duty to accommodate (*Milan*, 169 Ill. App. 3d at 984, 523 N.E.2d at 1158), the Commission did not abuse its discretion in determining that Whipple's evidence in regard to accommodation was not of any substance.

Most important, as pointed out by the Commission, the showing was very weak that Whipple's discharge was related to her handicap. The evidence overwhelmingly indicated that her performance was substandard because of her failure to check spelling, working too rapidly, and making format errors rather than her hearing impairment. She admitted working too rapidly, was warned of her poor performance, and received four different headsets and transcribers, yet continued to perform below DORS standards and expectations. DORS submitted samples of Whipple's work illuminating transcription errors, such as misspelled and omitted words and punctuation, changed punctuation regardless of how a matter was dictated, typing incorrect information in designated variables, and format errors. More-

over, when furnished a headset which directed the sound to her right unimpaired ear, her error rate continued to be high.

An employer can successfully rebut a discrimination charge by showing the handicapped employee was unqualified even with accommodation. (56 Ill. Adm. Code § 2500.40(d) (1992-93).) The evidence presented overwhelmingly indicated that Whipple's work would be unsatisfactory even if a device to accommodate her hearing disability was obtained.

We hold that the Commission's determination that substantial evidence was lacking on key elements of Whipple's claim was not an abuse of discretion. The order of the Commission is affirmed.

Affirmed.

KNECHT, P.J., and McCULLOUGH, J., concur.