LUIS ZUNINO, Plaintiff-Appellant, v. COOK COUNTY COMMISSION ON HUMAN RIGHTS *et al.*, Defendants-Appellees

First District (4th Division)   No. 1—96—0055

Opinion filed June 19, 1997.

J.W. Mitchell, of Chicago, for appellant.

Richard Devine, State's Attorney, of Chicago (Patricia M. Schymanski, Patricia M. Moser, and Paul Castiglione, Assistant State's Attorneys, of counsel), for appellees.

JUSTICE CERDA delivered the opinion of the court:

Plaintiff Luis Zunino filed an employment discrimination complaint with defendant the Cook County Commission on Human Rights (Commission) against defendant DHL Airways, Inc. (DHL), alleging that DHL discharged him because of his sexual orientation in violation of the Cook County human rights ordinance (Ordinance). After a fact-finding conference, the Commission dismissed plaintiff's complaint, finding no substantial evidence of a violation of the Ordinance, and subsequently denied his request for a rehearing. Plaintiff then petitioned the circuit court for *certiorari*. After review of memoranda and after hearing arguments of counsel, the court denied the petition. Plaintiff contends on appeal that the Commission abused its discretion in dismissing his complaint without a hearing, that the circuit court abused its discretion in dismissing his petition for *certiorari*, and that both the Commission and the court applied an erroneous standard by requiring plaintiff to rebut DHL's proffered nondiscriminatory reason for discharging plaintiff.

The record establishes that plaintiff was employed by DHL in November 1983, promoted to lead courier in 1985, and promoted to airport supervisor in 1988. He was discharged from DHL on September 3, 1993, for tape recording a conversation with Dale Balogh, DHL's station manager, without Balogh's consent or knowledge, which was a violation of company policy as set forth in the employee handbook and human resources guide. Plaintiff filed a complaint with the Commission on January 22, 1994, alleging that DHL became aware of his sexual orientation in September 1991 when a DHL employee informed several other employees. He also alleged that in November 1991, during an investigation of a sexual harassment complaint filed against DHL employee John Perham, Balogh asked Perham if plaintiff was his lover, to which Perham responded negatively, stating he did not know plaintiff's sexual orientation. Plaintiff alleged that Balogh began to harass him beginning November 1, 1992, that DHL's stated reason for the discharge was pretextual, and that DHL discriminated against him because of his sexual orientation.

The Commission staff conducted an investigation and interviewed seven witnesses. A fact-finding conference was also held on May 31, 1994. On August 11, 1994, the staff issued an 11-page investigation report concluding the following. Plaintiff contended he was discharged because of his sexual orientation. DHL contended plaintiff was discharged because he violated the written policy prohibiting any employee from tape recording a supervisor or fellow employee without his consent. The recorded conversation between plaintiff and Balogh was not preceded by a request for permission to record or a consent by Balogh, and plaintiff provided no documentation or evidence to support his contention that Balogh consented to his tape recording. In addition, plaintiff did not provide any evidence that DHL's reason for discharging him was pretextual or that he was discharged because of his sexual orientation.

The report noted that DHL had an equal opportunity employment policy expressly setting forth equal opportunity without regard to, among other things, sexual orientation. DHL also provided a list of 10 similarly situated DHL employees who were discharged for specific rule violations and indicated that similarly situated nonhomosexual employees were discharged for violations of company policy on unacceptable behavior. One employee was discharged on February 18, 1994, for the same violation for which plaintiff was discharged.

Statements from witnesses revealed a dispute of fact about whether and when DHL was aware of plaintiff's sexual orientation. Plaintiff alleged DHL became aware on September 1, 1991. But the investigation revealed that DHL gave plaintiff favorable comments and several commendations for his work performance before and after September 1, 1991, and that DHL was consistent in evaluating plaintiff's strengths and weaknesses both before and after that date. Based on the result of the investigation, the Commission staff recommended a finding of lack of substantial evidence.

Subsequently, the Commission issued an order dated August 17, 1994, stating that it had not found substantial evidence of a violation of the Ordinance and that dismissal of plaintiff's complaint was proper pursuant to the Ordinance and section 400.210 of the Commission's rules. Interim Rules Governing the Cook County Human Rights Ordinance § 400.210, eff. May 21, 1993 (hereinafter Interim Rules). On September 13, 1994, plaintiff filed a request for reconsideration of the Commission's order. On December 27, 1994, the Commission denied that request, stating that the request for reconsideration was, for the most part, a reargument of facts and issues previously considered by the Commission during the investigation. In addition, plaintiff did not support his allegations that a mistake of

fact or law was made in the investigation or that there was new legal precedent that would alter the finding of no substantial evidence.

Plaintiff then filed in the circuit court of Cook County a complaint entitled "Administrative Review—Writ of *Certiorari.*" Defendant Commission moved to strike the pleading pursuant to section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 1994)), asserting that the statutory cause of action in administrative review and common law *certiorari* are mutually exclusive proceedings and that the Ordinance provides for review of the final decision of the Commission through a petition for *certiorari.* The circuit court granted the Commission's motion. After the parties filed memoranda regarding plaintiff's petition for *certiorari,* the circuit court held a hearing and then issued an order on November 22, 1995, denying the petition. The court found that the Commission's findings of fact were supported by evidence in the record, plaintiff failed to rebut the legitimate, nondiscriminatory reason given by DHL for his discharge, and the Commission's standard was not arbitrary, capricious or an abuse of its discretion.

Plaintiff contends that the Commission abused its discretion in dismissing his complaint without a hearing and that the circuit court abused its discretion in dismissing his petition for *certiorari.* Like the parties, we have found no authority interpreting a case brought pursuant to the Ordinance. But the Commission is authorized to look for guidance to decisions interpreting other relevant laws. Interim Rules § 700.140. Thus, by analogy we look to precedent interpreting the Illinois Human Rights Act (775 ILCS 5/1—101 *et seq.* (West 1994)).

■ Plaintiff contends that the standard of proof at the investigatory stage for the Ordinance is lower than that necessary under the Illinois Human Rights Act (775 ILCS 5/7A—102(D)(2)(a) (West 1994) (authorizing dismissal of a complaint upon a determination of "no substantial evidence")). The Interim Rules state that the Commission's staff shall review the evidence in an investigation report, make evidence determinations, and "in the event that a complaint is dismissed upon a determination of lack of substantial evidence," send all parties an order dismissing the complaint. Interim Rules §§ 400.210(a) through (c). If "more than a scintilla of evidence" of an Ordinance violation is found, the Commission staff must advise the parties of the "substantial evidence" determination. Interim Rules § 400.210(d).

It seems evident from a plain reading of the Interim Rules that the meaning of the terms "more than a scintilla of evidence" and "substantial evidence" is interchangeable, and we find no lower evidentiary standard for establishing a claim under the Ordinance. See

also *Metro Utility v. Illinois Commerce Comm'n*, 193 Ill. App. 3d 178, 184 (1990) ("substantial evidence" consists of "more than a mere scintilla" but may be somewhat less than a preponderance).

■ In reviewing the Commission's decision to dismiss a complaint for lack of substantial evidence, the court must determine if the Commission's action was arbitrary or capricious or an abuse of its discretion. *Peck v. Department of Human Rights*, 234 Ill. App. 3d 334, 337 (1992); *Luckett v. Human Rights Comm'n*, 210 Ill. App. 3d 169, 180-81 (1989); *Sanders v. United Parcel Service*, 142 Ill. App. 3d 362, 365 (1986). In a common law *certiorari* proceeding, substantially the same standard, the trial court must determine from the record whether there is any evidence to support the order being reviewed and can reverse it only if it is manifestly against the weight of the evidence. *Nowicki v. Evanston Fair Housing Review Board*, 62 Ill. 2d 11, 15 (1975); *Jones v. Lazerson*, 203 Ill. App. 3d 829, 834 (1990).

■ In analyzing employment discrimination claims under the Human Rights Act, Illinois courts use a three-part analysis. See *Zaderaka v. Illinois Human Rights Comm'n*, 131 Ill. 2d 172, 178-79 (1989). First, a plaintiff must establish a *prima facie* case of unlawful discrimination, which raises a rebuttable presumption that the employer discriminated. The plaintiff's burden of establishing a *prima facie* case of discrimination includes a showing that he is a member of a group protected by law, that he was treated in a certain manner by the employer, and that he was treated differently than a similarly situated employee who is not a member of the protected group. *Motley v. Human Rights Comm'n*, 263 Ill. App. 3d 367, 372 (1994). Then, to rebut the presumption of discrimination, the employer must "articulate, not prove," a legitimate, nondiscriminatory reason for its decision. *Zaderaka*, 131 Ill. 2d at 179. When the employer carries that burden of production, the presumption of discrimination falls, and the plaintiff must then prove by a preponderance of the evidence that the employer's articulated reason was not true but pretextual. *Zaderaka*, 131 Ill. 2d at 179.

■ Plaintiff contends that the Commission and the circuit court both erroneously applied the three-part analysis set out in *Zaderaka*, arguing that only the first part, establishing a *prima facie* case, should be applied at the investigatory stage. A conflict of authority exists on this point. Compare *Whipple v. Department of Rehabilitation Services*, 269 Ill. App. 3d 554, 556-57 (1995) (applying only the *prima facie* test), to *Luckett*, 210 Ill. App. 3d at 180-81; *Motley*, 263 Ill. App. 3d at 371-72; *Peck v. Department of Human Rights*, 234 Ill. App. 3d 334, 336-37 (1992) (utilizing the burden-shifting analysis). Thus, we do not agree with plaintiff that it was "clearly" not his

burden to rebut DHL's legitimate, nondiscriminatory reason for his discharge. In any event, under either standard, we find no error. The order finding no substantial evidence of a violation was based on an investigation, including interviews with seven witnesses, and a fact-finding conference. DHL denied that it had discharged plaintiff because of his sexual orientation and stated his discharge was for a violation of written company policy forbidding tape recording of a supervisor or other employee without his consent. DHL, which had an equal employment opportunity policy, presented evidence that it discharged 10 employees with a similar or higher grade level than plaintiff for violations of policy of unacceptable behavior and discharged similarly situated nonhomosexual employees for violations of policy regarding unacceptable behavior, one for the same violation for which plaintiff was discharged. Balogh, the subject of the tape recording, denied consent to or any knowledge of the tape recording, and plaintiff provided no documentation or other evidence to support his claim that his supervisor consented to the tape recording. Nor did plaintiff establish that DHL's articulated reason for discharging him was pretextual or that he was discharged because of his sexual orientation. Thus, the Commission correctly concluded that there was no substantial evidence to sustain plaintiff's action. And even if only the *prima facie* part of the test were applied, plaintiff failed to establish a *prima facie* case of discrimination by failing to establish that he was treated differently than similarly situated heterosexual employees. We therefore find that the Commission's dismissal of plaintiff's claim was not arbitrary, capricious or an abuse of its discretion. *Whipple*, 269 Ill. App. 3d at 559; *Parham v. Macomb Unit School District No. 185*, 231 Ill. App. 3d 764, 773 (1992).

Similarly, we find no error in the circuit court's denial of plaintiff's petition for *certiorari*. The findings of fact were supported by the evidence in the record. *Nowicki*, 62 Ill. 2d at 15. Because plaintiff failed to rebut the legitimate nondiscriminatory reason given and supported by DHL, the Commission's decision was not arbitrary, capricious or an abuse of its discretion. *Peck*, 234 Ill. App. 3d at 337, 339; *Luckett*, 210 Ill. App. 3d at 181-83.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

WOLFSON, P.J., and McNAMARA, J., concur.