FIRST DIVISION

October 20, 1997

No. 1-96-1374

DANA TANK CONTAINER, INC.,

Petitioner-Appellant,

v.

THE HUMAN RIGHTS COMMISSION and MELVIN WESLEY,

Respondents-Appellees.

)

)

)

)

)

)

)

)

)

)

Petition for Review of an Order Entered by the Human Rights Commission.

No. 87 CF 2276

21B871039

JUSTICE O'BRIEN delivered the opinion of the court:

Petitioner, Dana Container, Inc.
(footnote: 1), employed respondent, Melvin Wesley, as a tank washer from June 1985 until October 8, 1986.  In July 1986, respondent filed a charge of race discrimination against petitioner with the Illinois Department of Human Rights.  The charge apparently was brought pursuant to section 2-102 of the Illinois Human Rights Act, which states that it "is a civil rights violation" for "any 
employer
 to refuse to hire, to segregate, or to act with respect to recruitment, hiring, promotion, renewal of employment, selection for training or apprenticeship, discharge, discipline, tenure or terms, privileges or conditions of employment on the basis of unlawful discrimination or citizenship status."  (Emphasis added.)  775 ILCS 5/2-102(A) (West 1992).   The charge was dismissed for lack of subject matter jurisdiction because petitioner employed less than 15 persons.  See 775 ILCS 5/2-101(B)(1)(a) (West 1992) (defining "employer" as "[a]ny person employing 15 or more employees within Illinois during 20 or more calendar weeks within the calendar year of or preceding the alleged violation").

Following the dismissal of respondent's race discrimination charge, petitioner fired respondent on October 8, 1986.  On February 17, 1987, respondent filed another charge against petitioner with the Illinois Department of Human Rights (hereafter the Department), this time alleging that petitioner had fired him in retaliation for previously filing the charge of race discrimination.  On May 22, 1991, the Department filed a complaint with the Illinois Human Rights Commission (hereafter the Commission) based on the retaliation charge.

Petitioner did not defend the retaliation proceeding.  On May 20, 1993, the Administrative Law Judge (hereafter the ALJ) issued an order holding petitioner in default and setting a hearing date on the issue of damages and other relief.

On September 19, 1995, the ALJ issued an order and decision recommending that the Commission require petitioner to pay respondent $51,204, plus interest, as compensation for lost wages.  On October 19, 1995, petitioner filed exceptions to the recommended order and decision, arguing that the Commission lacked subject matter jurisdiction over the charge because petitioner employed less than 15 employees and, therefore, was not an employer under the Act.  

On January 8, 1996, the Commission entered an order and decision affirming the ALJ's recommended order and decision.  The Commission explained that petitioner's status as an employer was irrelevant because respondent's retaliation complaint was brought under section 6-101(A) of the Act (775 ILCS 5/6-101(A)(West 1992)), which makes it a civil rights violation for a "person" to retaliate against another "person" for filing a charge of discrimination.  The Commission noted that the Act defines "person" to include one or more corporations.  See 775 ILCS 5/1-103(L) (West 1992).  Petitioner filed a petition for rehearing, which the Commission denied.  Petitioner then filed this timely appeal.  

It is undisputed that the Commission lacked subject matter jurisdiction over respondent's initial claim of race discrimination because the petitioner employed fewer than 15 persons and therefore was not an "employer" as defined by the Act.  Petitioner contends that since respondent's subsequent retaliation claim is premised on the race discrimination charge over which the Commission lacked jurisdiction, the retaliation claim cannot constitute a civil rights violation under section 6-101(A) of the Act.  Therefore, petitioner claims that the Commission should have dismissed respondent's retaliation claim for lack of subject matter jurisdiction.

The resolution of this issue requires us to construe section 6-101(A) of the Act.  Because the construction of a statute is a matter of law, we may independently construe the Act.  See 
Raintree Health Care Center v. Human Rights Comm'n
, 173 Ill. 2d 469, 479 (1996).

The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature.  
Augustus v. Estate of Somers
, 278 Ill. App. 3d 90, 97 (1996).  In determining legislative intent, the court first should consider the statutory language.  
Somers
, 278 Ill. App. 3d at 97.  Where the statutory language is clear, it will be given effect without resort to other aids for construction.  
Somers
, 278 Ill. App. 3d at 97.

Section 6-101(A) states in relevant part:

"It is a civil rights violation for a person, or for two or more persons to conspire, to:

(A) Retaliation.  Retaliate against a person because he or she *** has made a charge, filed a complaint, testified, assisted, or participated in an investigation, proceeding, or hearing under this Act."  775 ILCS 5/6-101(A) (West 1992).

The clear language of the statute protects a person from retaliation for making a charge under the Act.  There is no requirement that the charge be meritorious or otherwise able to survive a motion to dismiss for lack of subject matter jurisdiction.  Once a person has made a charge under the Act, regardless of the ultimate disposition of that charge, he is protected from retaliation therefor.

In the present case, respondent filed, in July 1986,  a charge under the Act alleging that petitioner had racially discriminated against him.  Later, in February 1987, respondent filed a charge alleging that petitioner had discharged him in retaliation for previously filing the charge of race discrimination.  Respondent's retaliation claim falls within section 6-101(A), regardless of the fact that the underlying claim of racial discrimination was dismissed for lack of subject matter jurisdiction.  Accordingly, we reject petitioner's argument that the Commission should have dismissed respondent's retaliation claim.

Petitioner argues that it "is simply unreasonable to assume that the legislature would expressly exclude small employers [fewer than 15 employees] from liability for unlawful discrimination, and then intend to implicitly make them liable for retaliating against charges for which they could never have been held liable [in the first place]."  We disagree.  Article 2 of the Act, which governs employment discrimination, expressly prohibits "employers" from unlawfully discriminating.  An "employer" is defined as persons with 15 or more employees.  775 ILCS 5/2-101(B)(1)(a) (West 1992).  By contrast, section 6-101(A) expressly prohibits a "person" from retaliating against another person because he made a charge under the Act.  A "person" as defined in the Act can include an employer with fewer than 15 employees.  See 775 ILCS 5/1-103(L) (West 1992).  Where the legislature uses certain words in one instance and different words in another, it intended different results.  
Costello v. Governing Board of Lee County Special Education Ass'n
, 252 Ill. App. 3d 547, 558 (1993). Thus, we find that the legislature intended section 6-101(A) to apply to employers with fewer than 15 employees.

Petitioner cites federal cases construing a similar provision under Title VII of the Federal Civil Rights Act of 1964 (42 U.S.C. §2000e-3(a) (1994)).  Petitioner claims those cases compel a result different than the one reached here.  We need not delve into an analysis of those cases, since they are persuasive authority only and are not binding on us.  
Habinka v. Human Rights Comm'n
, 192 Ill. App. 3d 343, 378-79 (1989).  Instead, we rely on the clear language of section 6-101(A), which compels the conclusion that respondent's retaliation claim falls within its purview.

For the foregoing reasons, we affirm the Commission.

Affirmed.

CAMPBELL, P.J., and BUCKLEY, J., concur.

FOOTNOTES
1:
Although the pleadings in this case refer to petitioner as Dana Tank Container, Inc., petitioner informs us in its appellant's brief that its proper name is Dana Container, Inc.