May 26, 1999

2--98--0792

_________________________________________________________________ 

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

MICHELLE ANDERSON, ) Petition for Review

) of Order of Illinois Human

Petitioner-Appellant,      ) Rights Department

                                ) 

v.                              )

                                )  

MODERN METAL PRODUCTS; NANCY    ) 

KOLAR; THE DEPARTMENT OF HUMAN  ) Charge No. 1996 CA 2011

RIGHTS; THE HUMAN RIGHTS  ) EEOC No. 21B961339

COMMISSION; THE EQUAL EMPLOYMENT)

OPPORTUNITY COMMISSION; THE     )

CHIEF LEGAL COUNSEL; ROSE MARY ) 

BOMBELA, Director, the  ) 

Department of Human Rights,     ) 

)

Respondents-Appellees.)

_________________________________________________________________

JUSTICE GALASSO delivered the opinion of the court: 

The complainant, Michelle Anderson, appeals from a final order issued by the chief legal counsel (Chief Counsel) of the Illinois Department of Human Rights (the Department) sustaining the dismissal of a charge she filed with the Department pursuant to the Illinois Human Rights Act (the Act) (775 ILCS 5/1--101 
et
 
seq
. (West 1996)) against her employer, Modern Metal Products, and Nancy Kolar.  On appeal, the complainant raises the following issues: (1) whether the decision to affirm the dismissal of the complainant’s charge of discrimination against the employer for lack of substantial evidence was an abuse of discretion; (2) whether the decision to affirm the dismissal of the complainant’s charge of discrimination against the employer based upon the complainant’s handicap for lack of jurisdiction was an abuse of discretion; and (3) whether the decision to dismiss the complainant’s charge of discrimination based upon retaliation against Nancy Kolar for lack of jurisdiction was an abuse of discretion. The Human Rights Commission, originally a party in this appeal, was dismissed as such by order of this court on August 28, 1998.

On February 21, 1996, the complainant filed charges against her employer and Nancy Kolar, a supervisor with the employer.  In her charge she alleged that she is a white female, suffering disabilities resulting from work-related injuries.  She further alleged that she had been wrongfully disciplined and harassed by her male supervisors because of her sex and disabilities; that she had been unjustly disciplined and suspended for attendance problems while her male coworkers and nondisabled coworkers were not disciplined or harassed for similar attendance records; that she had complained about the discrimination; and that she believed that the employer was trying to have her fired based upon her sex, disabilities, and in retaliation for her justified complaints.  

On May 14, 1996, the complainant filed an amended charge against the employer in which she alleged that on November 17, 1995, Nancy Kolar suspended her and that on April 4, 1996, Ms. Kolar threatened to fire the complainant in retaliation for filing the February 21, 1996, discrimination complaint. In that complaint, the complainant alleged that, due to the illness of her daughter, she requested time off under the Family and Medical Leave Act of 1993 (Family and Medical Leave Act) (29 U.S.C. §2601 
et seq.
 (1994)), a federal statute, and that the employer did not treat males or other nondisabled employees who had not filed charges as harshly as she had been treated.  The complainant reiterated that she was being harassed and retaliated against in violation of the Family and Medical Leave Act and because of her sex, disability, and prior charges of discrimination.  The employer’s verified responses to both the charge and the amended charge denied the charges of discrimination and harassment.   

On December 4, 1996, following an investigation, the  Department dismissed the charge based upon lack of substantial evidence or for lack of jurisdiction.  The order did not address the counts of the charge against Nancy Kolar.  On January 23, 1997, the complainant filed a request for review by the Chief Counsel of the Department of the decision to dismiss the charges.  The request for review was supported by the complainant’s affidavit, in which she stated that the Department’s investigator had misconstrued or misrecorded facts she had given to him, and that the investigative report was inaccurate in many respects.  The complainant further stated that she had numerous medical records to establish her medical condition, that her attorney could obtain medical opinions, and that her disabilities were a handicap or were perceived as one by the employer.   

On April 24, 1997, the Chief Counsel issued an order remanding the counts of the charge against Nancy Kolar for further investigation and all other counts against the employer except for the count concerning the Family and Medical Leave Act.  On June 26, 1997, following additional investigation, the Department dismissed the counts of the charge against Nancy Kolar for lack of jurisdiction.  The remaining counts of the charge against the employer were again dismissed for lack of substantial evidence or lack of jurisdiction.  On August 14, 1997, the complainant again requested that the dismissal of the charge against the employer and Ms. Kolar be reviewed by the Chief Counsel.  On December 1, 1997, the Chief Counsel issued an order finding that there was no evidence that the complainant was physically handicapped within the meaning of the Act and that Nancy Kolar was not an employer within the meaning of the Act.  The order affirmed the dismissal of those charges but remanded the remaining counts of the charge for further investigation.

On December 8, 1997, the Department dismissed all of the remaining counts of the charge against the employer for lack of substantial evidence, except for the count against Nancy Kolar based upon a violation of the Family and Medical Leave Act, which was dismissed based upon lack of jurisdiction.  On January 8, 1998, the complainant again requested review of the Department’s decision.  On May 28, 1998, the Chief Counsel issued an order affirming the dismissal of all the remaining counts.  This appeal followed.

The complainant contends, first, that the dismissal of her charge of discrimination for lack of substantial evidence was an abuse of discretion.  The complainant argues that the decision to dismiss the charge of discrimination must be based solely on whether there was substantial evidence of a 
prima
 
facie
 case.  

A reviewing court will not disturb the Chief Counsel’s  (formerly the Commission’s) decision to dismiss a complaint for lack of substantial evidence, unless that decision is arbitrary and capricious or an abuse of discretion.  
Marinelli v. Human Rights Comm’n
, 262 Ill. App. 3d 247, 253 (1994).  In 
Marinelli
, this court held that, in considering whether there is substantial evidence to support a charge, the Department is not to resolve credibility issues or questions of fact.  
Marinelli
, 262 Ill. App. 3d at 253.   
Marinelli
 was followed in 
Whipple v. Department of Rehabilitation Services
, 269 Ill. App. 3d 554, 556 (1995).  The 
Whipple
 court set forth the three-prong analysis utilized in considering employment discrimination claims in 
McDonnell-Douglas Corp. v. Green
, 411 U.S. 792, 36 L. Ed. 2d 668, 93 S. Ct. 1817 (1973), which was adopted by the Illinois Supreme Court in 
Zaderaka v. Illinois Human Rights Comm’n
, 131 Ill. 2d 172, 178-79 (1989).  The first prong of the test is whether a 
prima
 
facie
 case of discrimination has been made; the second prong concerns articulation by the employer of a legitimate nondiscriminatory reason for its decision; and the third prong, if reached, requires that the complainant prove that the employer’s reason was a pretext and unlawful discrimination existed.  
Whipple
, 269 Ill. App. 3d at 556.  The 
Whipple
 court concluded that the decision to dismiss a charge after only an investigation by the Department must be based upon the insufficiency of the 
prima
 
facie
 case, since going into the second and third prongs of the test would inherently bring into play a balancing of the evidence.  
Whipple
, 269 Ill. App. 3d at 556-57.  

Recently, the Appellate Court, Fourth District, reconsidered
 its decision in 
Whipple
 in 
Webb v. Lustig
, 298 Ill. App. 3d 695 (1998) and concluded as follows:

"After reconsidering the 
Whipple
 decision, we conclude it no longer correctly states the law.  Section 7--102(D) of the Act has been amended since 
Whipple
 was decided.  The amended statute allows the Department to make findings of fact and conclusions on all material issues, including credibility.  Compare 775 ILCS 5/7A--102(D), 8--103 (West 1996), with Ill. Rev. Stat. 1991, ch. 68, pars. 7A--102(D), 8--103.  The consideration of the denial of a charge of lack of substantial evidence need not be restricted to the 
prima
 
facie
 prong. [Citation.]"  
Webb
, 298 Ill. App. 3d at 702.

See also 
Alcequeire v. Human Rights Comm’n
, 292 Ill. App. 3d 515, 520 (1997), (court rejected the reasoning in 
Whipple
, noting that limiting consideration to the 
prima
 
facie
 prong unnecessarily restricts the investigative authority of the Department and the Commission and wastes their limited resources on matters that can be more productively and efficiently handled).  

Our decision in 
Marinelli
 predated the amendments to the Act considered in 
Webb
.  Moreover, we agree with the reasoning set forth in 
Webb
 and 
Alcequeire
 and hold that the determination as to whether substantial evidence of discrimination exists is not limited to whether or not a 
prima
 
facie
 case has been shown by the complainant.  Since the investigator was not limited to considering whether the complainant had established a 
prima
 
facie
 case, we need not address the complainant’s argument that her charge should not have been dismissed, because if the investigator considered the issue of pretext, it necessarily follows that he must have first  determined that the complainant had established a 
prima
 
facie
 case of discrimination.

We conclude that the Chief Counsel did not abuse her discretion when she affirmed the dismissal of the complainant’s charge of discrimination for lack of substantial evidence.

Next, the complainant contends that the Chief Counsel abused her discretion when she affirmed the dismissal of the handicap count of the discrimination charge for lack of jurisdiction, based upon the investigator’s determination that the complainant’s condition was transitory.  The complainant argues that the investigator failed to investigate her claimed disability to her neck, lower back, both shoulders, and ulnar nerve as well as her myofascial pain syndrome and right arm neuritis.  

In her charge and amended charge, the complainant states that she suffers from "work-related disabilities known to my employer." In his first report, the investigator noted that the complainant failed to produce either at the fact-finding conference or thereafter any medical documentation showing that she was handicapped.  In her affidavit, in support of her first request for review of the dismissal of the charge, she stated that the employer was aware of her medical conditions since they were reported as worker’s compensation claims and that she had numerous medical records relating to her disability, some of which she stated were attached to her affidavit.  However, there are no medical records attached to the affidavit in the record before us.  The complainant also stated that, if necessary, her attorneys could obtain medical opinions that her disabilities were a handicap as defined by the Act.  However, there is nothing in the record to indicate that such opinions were obtained and brought to the attention of the investigator.

The record in this case does contain some of the complainant’s medical records, indicating that she was diagnosed in 1994 as having right ulnar neuritis, thoracolumbar strain, and right shoulder strain, for which she was prescribed medication and some work restrictions, including a 10-pound weight lifting limit.  On December 14, 1994, she was released to regular work with no restrictions except to limit repetitive work.  On August 31, 1995, she was diagnosed with chronic lumbar strain and restricted to a 25-pound weight limit.  No further information on that condition  appears in the record.  Following the filing of her charge and amended charge, she was diagnosed with myofascial syndrome, for which she was placed on light duty.  Again, no further information regarding that condition appears in the record.

The Act defines "handicap" as follows:

" 'Handicap' means a determinable physical or mental characteristic of a person, including, but not limited to, a determinable physical characteristic which necessitates the person’s use of a guide, hearing or support dog, the history of such characteristic, or the perception of such characteristic by the person complained against, which may result from disease, injury, congenital condition of birth or functional disorder and which characteristic:

(1) For purposes of [employment] is unrelated to the person’s ability to perform the duties of a particular job or position ***."  775 ILCS 5/1--103(I)(1) (West 1996).  

In addition, the Commission’s interpretive rules provide further insight:

"(1) The definition [of handicap] is not confined to only those physical and mental conditions which are grave or extreme in nature.  However, it is interpreted as excluding:

(A) conditions which are transitory and insubstantial, and 

(B) conditions which are not significantly debilitating or disfiguring.  56 Ill. Adm. Code Sec. 2500.20(b) (1996)."  
Lake Point Tower, Ltd. v. Human Rights Comm’n
, 291 Ill. App. 3d 897, 903 (1997).

Transitory is defined as "of brief duration: existing momentarily: [t]emporary ***."  Webster’s Third New International Dictionary 2429 (1993).

The record before us supports the investigator’s conclusion, that the complainant’s condition was transitory in nature.  Further, as the employer points out, the diagnosis of myofascial pain syndrome was made after the charges in this case were filed.  There is nothing in the record indicating that the complainant was suffering from myofascial pain syndrome prior to or at the time the charges of discrimination were filed.  The complainant argues that she did not produce all of her medical records because she was not aware that the employer would dispute her condition.  However, even though this case was investigated three times, the complainant still failed to provide records or opinions to prove that she suffered from a handicap as defined under the Act.  The complainant argues further that, in determining that her condition was transitory, the investigator made a finding of fact on a material issue.  She acknowledges that the Act, as amended, now allows the Department, through its investigators, to resolve credibility issues and make findings of fact.  775 ILCS 5/7A--102(D)(2).  However, she maintains that this portion of the Act violates her due process rights, citing 
Hill v. Kidwatch Plus
, Ill. Hum. Rts. Comm'n 1992--CF--1078 (July 22, 1998), in which the administrative law judge opined that for the Department to make credibility determinations based upon written statements presented a significant risk of denying due process to complainants. 

Due process applies to administrative proceedings.  
Webb
, 298 Ill. App. 3d at 702.  However, the concept of due process is flexible, requiring only such procedural protections as fundamental principles of justice and the particular situation demand.  Due process required for an administrative hearing does not require a proceeding in the nature of a judicial proceeding.  
Webb
, 298 Ill. App. 3d at 702.   In 
Webb
, the court determined that section 7A--

102(D) does not violate due process.  Relying primarily on 
Jabbari v. Human Rights Comm’n
, 173 Ill. App. 3d 227 (1988), the 
Webb
 court noted that, until a complaint is issued by the Department, the proceedings are investigatory in nature and not adjudicatory and  the dismissal of the charge for lack of substantial evidence occurs at the investigatory stage.  The court then stated as follows:

"Relying on [citation], the court in 
Jabbari
 determined that the full panoply of judicial procedures does not apply to the fact-finding investigation, including rights to discovery, confrontation, cross-examination, and other elements of due process involved judicial and quasi-judicial proceedings. [Citation.]  The petitioner is procedurally protected at the investigatory stage by the requirement that the investigators file a report with the Department Director  [citation], the right to request a review of the dismissal by the Chief Counsel [citation], and ultimately the right to judicial review.  As noted in 
Jabbari
, the fact the Act contemplates conciliation [citation] is a clear indication of legislative intent that the investigatory stage was not to be adversarial.  The 
Jabbari
 court found no violation of due process in the investigatory process. [Citations.]

The demands for due process are proportional to the weight of the interest being protected balanced against the countervailing interests of society so that, if after balancing these interests, the state’s exercise of power is deemed to be reasonable, the legislation will be upheld. [Citation.]  The State of Illinois has a legitimate and significant interest in providing a simple, nonadversarial procedure for determining the merit of a claim made under the Act."  
Webb
, 298 Ill. App. 3d at 703-04. 

The complainant argues that 
Jabbari
 was decided prior to the 1996 statutory changes that gave the Department’s Chief Counsel, rather than the Human Rights Commission, the responsibility of handling the requests for review from the Department’s own investigators and that, as a result, there is no longer the impartial review of the decision to dismiss a charge of discrimination, as there was at the time 
Jabbarri
 was decided. However, as the court in 
Webb
 pointed out, even with the above changes, a complainant is still procedurally protected at the investigatory stage.  
Webb
, 298 Ill. App. 3d at 703.  Moreover, as the 
Jabbari
 court noted, similar concerns were addressed in 
Klein v. Fair Employment Practices Comm’n
, 31 Ill. App. 3d 473 (1975), wherein the court stated as follows:

"'[P]laintiff has no constitutional right of participation in the investigation of her charge.  Such participation would entitle every complainant to a hearing regardless of the validity of the allegations of one’s charge. [Citation.]  It would be impossible to conduct an efficient investigation.  Such participation is neither required by the Constitution nor by the legislature.

We appreciate plaintiff’s concern that a vehicle must exist to enable a complainant to bring to the Commission and ultimately the court’s attention the fact that an investigator’s report is predicated upon erroneous, incomplete, or no facts.  Yet sufficient means do exist through the requirement that a Commission supply written reasons  justifying the dismissal of a charge and through the presumed right of the complainant to petition the Commission to reconsider its order.  
Of course, the ultimate safeguard is plaintiff’s right to judicial review
.’ [
Klein
] 31 Ill. App. 3d at 483."  (Emphasis added.)  
Jabbari
, 173 Ill. App. 3d at 233-

34.  

We conclude, therefore, that the investigator’s determination that the complainant’s handicap was transitory, did not deny the complainant due process of law. 

Next, the complainant contends that the Chief Counsel abused her discretion in affirming the dismissal of the perceived-handicap count of the charge.  The complainant asserts that the Chief Counsel’s finding that the complainant failed to raise that issue is factually incorrect, since the complainant stated in each of her requests for review that the employer perceived her to be handicapped.  In her final order dismissing the charge in this case, the Chief Counsel stated as follows:

"11. In her Request for Review, Complainant alleges that the Department did not investigate the issue of perceived physical handicap or provide her the opportunity to rebut the evidence from the Department’s additional investigation.  Complainant has not shown good cause why she failed to raise her contention that Respondent perceived her to be physically handicapped in her charge or during the Department’s investigation.  Further, Complainant has not alleged that her 'rebuttal' evidence could not have been presented during the Department’s investigation. Therefore, Complainant’s contentions do not justify vacating the Department’s findings in this matter."

A review of the charge and amended charge in this case reveals that the complainant did not, in fact, raise the issue of perceived handicap in either the charge or the amended charge but only as a part of her requests for review.  

The complainant maintains that the investigator acknowledged in one of his reports that he used the complainant’s affidavit in which she stated that the employer perceived that she was handicapped.  However, the reference to her affidavit in the report is in connection with the employer’s attendance policy and its adverse application to females and those who report worker’s compensation injuries, not in relationship to any perceived handicap.

If an employer perceives the employee as handicapped, rightly or wrongly, then acts against the employee based upon that perception, the Act has been violated.  
Lake Point Tower, Ltd.
, 291 Ill. App. 3d at 906.  The complainant correctly points out that the investigator has a statutory duty to conduct a full investigation of the allegations set forth in the charge.  775 ILCS 5/7A--

102(C)(1) (West 1996).  Here, however, the complainant never raised such an allegation in either of her charges against the employer.  Even though this case was sent back for investigation several times, there is no evidence to support her claim that she was discriminated against by her employer because of a perceived handicap.  

We conclude that the Chief Counsel did not abuse her discretion in dismissing the charge of discrimination based upon the complainant’s allegations of a handicap or a perceived handicap.

Finally, the complainant contends that the Chief Counsel abused her discretion when she dismissed the retaliation counts of the discrimination charge against Nancy Kolar for lack of jurisdiction.  The complainant alleged that Nancy Kolar suspended her on November 17, 1995, and, on April 4, 1996, threatened to fire her in retaliation for having filed previous discrimination charges against the employer.  The Chief Counsel dismissed the counts against Ms. Kolar on the basis that she was not an "employer" and that the evidence was insufficient to establish that Ms. Kolar suspended or harassed the complainant because of her sex or because the complainant opposed unlawful discrimination by filing a charge against the employer.  

The Act provides that it is a civil rights violation for a person to:

"Retaliate against a person because he or she has opposed that which he or she reasonably and in good faith believes to be unlawful discrimination *** or because he or she has made a charge, filed a complaint, testified, assisted, or participated in an investigation, proceeding, or hearing under this Act."  775 ILCS 5/6--101(A) (West 1996).

The complainant relies on 
Dana Tank Container, Inc. v. Human Rights Comm’n
, 292 Ill. App. 3d 1022 (1997).  In that case, the employee filed a charge of race discrimination against his employer.  The charge was dismissed for lack of jurisdiction because the Act defines an employer as "[a]ny person employing 15 or more employees within Illinois during 20 or more calendar weeks within the calender year of or preceding the violation."  775 ILCS 5/2--101(B)(1)(a) (West 1992); see 
Dana Tank Container, Inc.
, 292 Ill. App. 3d at 1025.  Thereafter, the employee was fired, and he then filed a retaliation charge against the employer.  In upholding the Commission’s order awarding lost wages and interest to the employee, the reviewing court rejected the employer’s argument that the retaliation claim should have been dismissed for lack of jurisdiction, just as the discrimination charge had been, on the basis that the employer did not meet the definition of an "employer" under the Act.  The court pointed out that section 6--

101(A) expressly prohibits a "person" from retaliating against another person because he brought a charge under the Act and that a "person" as defined under the Act can include an employer with fewer than 15 employees.  
Dana Tank Container, Inc.
, 292 Ill. App. 3d at 1025-26; see 775 ILCS 5/1--103(L) (West 1992).  

We find that 
Dana Tank Container, Inc.
 is not applicable to the case before us.  In cases where retaliation is charged, where the action is undertaken by a company official in the name of the employer, the charge must be against the employer and not against the official personally.  See 
In the Matter of Guillermo Binghay and Scott Clemons
, Ill. Hum. Rts. Comm'n 1991--CN--2356 (May 27, 1994).  In this case, the Chief Counsel found, and the complainant does not dispute, that the suspension and harassment actions were taken by the employer.  Nowhere does the complainant argue that Ms. Kolar’s actions in suspending or threatening to fire the complainant were personally motivated or were done without the knowledge or consent of the employer.   

We conclude that the Chief Counsel did not abuse her discretion in affirming the dismissal of the retaliation charges against Nancy Kolar for lack of jurisdiction.  

We affirm the decision of the Chief Legal Counsel.

INGLIS and THOMAS, JJ., concur.