2021 IL App (1st) 201125-U

No. 1-20-1125

October 12, 2021

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| FAUSTINA BENINATO, | ) | Petition for Direct |
| | ) | Administrative Review of a |
| Petitioner-Appellant, | ) | Decision of the Illinois Human |
| | ) | Rights Commission. |
| v. | ) | |
| | ) | |
| THE HUMAN RIGHTS COMMISSION, THE | ) | No. 2018 CA 3135 |
| DEPARTMENT OF HUMAN RIGHTS, and ESTÈE | ) | |
| LAUDER, INC. d/b/a ORIGINS NATURAL | ) | |
| RESOURCES, INC., | ) | |
| | ) | |
| Respondents-Appellees. | ) | |

JUSTICE HOWSE delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Lavin concurred in the judgment.

ORDER

¶ 1    *Held*: The decision of the Human Rights Commission sustaining the Department of Human Rights' dismissal of petitioner's charge of employment discrimination for lack of jurisdiction is affirmed.

¶ 2    Petitioner Faustina Beninato appeals *pro se* from a final order entered by the Illinois

Human Rights Commission (Commission) sustaining the Illinois Department of Human Rights'

(Department) dismissal of her charge of employment discrimination by prospective employer Estèe Lauder, Inc. (Estèe Lauder) d/b/a Origins Natural Resources, Inc. (Origins), brought under the Illinois Human Rights Act (Act) (775 ILCS 5/1-101, *et seq*. (West 2016)). The Department dismissed her charge for lack of jurisdiction because Estèe Lauder did not meet the definition of "employer" under the Act. The Commission sustained the Department's decision and petitioner appealed. We affirm.

¶ 3 On October 31, 2017, petitioner filed a charge of discrimination with the Department, alleging that in October 2017, she applied with Estèe Lauder for an Origins cosmetic counter manager position at Macy's Retail Holdings, Inc. (Macy's) in Chicago, Illinois, but was not hired due to her age (61). She alleged that she was qualified for the position, and Estèe Lauder hired a less qualified applicant, who was significantly younger than her for the position.

¶ 4 Petitioner's charge was investigated by the Department. The Department recommended a finding of lack of jurisdiction because Estèe Lauder did not meet the definition of an employer under the Act, and petitioner had already filed a charge against Macy's, the correct respondent, which the Department dismissed. In making its determination, the Department found that on the same date as the instant charge, petitioner filed charge no. 2018 CA 867 with the Department against Macy's raising the same allegations. The Department dismissed that charge for a lack of substantial evidence. Further, the investigation showed that Estèe Lauder, d/b/a Origins had no record of petitioner applying for a job with Origins or any other company brands. Estèe Lauder had no "Company-owned free-standing stores in Illinois," and its only locations are Origins counters in department stores. The employees, including cosmetic counter managers, are hired directly by the department store rather than by Estèe Lauder.

¶ 5      The Department subsequently dismissed petitioner's charge. Petitioner filed a request for review of the Department's decision with the Commission. Therein, petitioner alleged that during her interview with Melissa S., account executive for Origins, Melissa S. asked her if she was "up for the job" and informed her that working at Origins or the Water Tower Place was only for the "elite."[1] Petitioner alleged that she "ran into" Melissa S. a few weeks later at "Origins" and Melissa S. "loudly" asked her if she had gotten a job. Petitioner alleged that when she said no, Melissa S. said "she was glad [petitioner] was up and running." Petitioner alleged that Melissa S. hired a 21-year-old to fill the position. Petitioner attached several documents to her request for review, including her employment application summary from Macy's, and emails from the human resources department at Macy's regarding the position. The documentation also included an email chain containing an email from Christine S., a retail talent support executive with Estèe Lauder, asking to schedule a video interview with petitioner.

¶ 6      The Department responded that its investigation showed that Estèe Lauder d/b/a Origins denied failing to hire petitioner based on her age, but rather had no record of petitioner applying for a job with any of its company brands. The Department argued that Origins did not have any company-owned, free-standing stores in Illinois, and its only locations are its Origins counters in department stores.[2] Those employees, including cosmetic counter managers, are hired directly by the department store, rather than Origins. The Department maintained that because Origins did not meet the definition of an employer under the Act, it did not have jurisdiction to investigate petitioner's charge. Additionally, the Department noted petitioner did not provide any evidence

---

[1] For privacy reasons, we do not use the employee's full name.

[2] The Department's response refers to the respondent as "Origins" as an umbrella term for Estèe Lauder d/b/a Origins. We refer to this entity as Estèe Lauder.

that the Department had jurisdiction over the case, remarking that petitioner's attached documentation showed that Origins' representatives were involved in the interview and hiring process, but contained no evidence that Origins met the definition of an employer under the Act. The documentation showed that the employer was Macy's, who had been the respondent in charge no. 2018 CA 867 regarding the same facts, which had already been investigated by the Department and dismissed for lack of substantial evidence.

¶ 7    On September 10, 2020, the Commission issued its final administrative decision, sustaining the Department's dismissal of the charge for lack of jurisdiction. The Commission found petitioner provided no evidence that Estèe Lauder met the definition of employer under the Act, although she asserted that at least one Estèe Lauder employee was involved with her interview at Macy's. The Act defined "employer" as "any person employing 15 or more employees within Illinois during 20 or more calendar weeks within the calendar year of or preceding the alleged violation." The Commission found that "[r]egardless of the actions" of Estèe Lauder employees, it did not have jurisdiction over Estèe Lauder because it did not have the requisite presence in Illinois to qualify as an employer under the Act.

¶ 8    On October 15, 2020, petitioner filed her petition for direct review of the Commission's decision in this court. See 775 ILCS 5/8-111(B)(1) (West 2016) (A complainant may obtain judicial review of a final order of the Commission by filing a petition for review in the appellate court within 35 days).

¶ 9    In this court, petitioner argues the Commission erred by sustaining the dismissal of her claims of employment discrimination for lack of jurisdiction because Estèe Lauder/Origins "has met or exceeded the criteria of 15 employees as demonstrated by their long-term presence in

Chicago [and] suburbs in the State of Illinois." She argues that "Macy's Department Stores & Estèe Lauder/Origins exist in more than 100 stores to date employing more than 300 employees in Chicago & outlying suburbs," which exceeds the required 15 employees under the definition in the Act. She maintains that Macy's, Estèe Lauder, and Origins are "partnered" with regard to hiring Macy's cosmetic counter applicants. Petitioner further argues that for the position at issue, she first interviewed with Macy's, then a phone interview with Estèe Lauder in New York, and lastly with Melissa S. Petitioner added Macy's to the caption of her petition for review and *pro se* brief, but did not argue any additional substantive points regarding Macy's actions.

¶ 10    As an initial matter, we note petitioner's appellate brief does not comply with Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020), which governs the content of appellate briefs. For example, petitioner's brief does not contain a statement of jurisdiction (see Rule 341(h)(4)) or statement of facts containing references to the pages of the record on appeal (see Rule 341(h)(6)), and no argument supported by citations to the record or to legal authority (see Rule 341(h)(7)). Her brief, using the appellant's brief form, contains a "Points and Authorities" statement which recites the facts of the alleged age discrimination claim at issue, citing generally to the Act but not to any other specific authorities (see Rule 341(h)(1)). In the brief, petitioner noted that the case was filed in the trial court "to establish 'jurisdiction' age discrimination & possible recovery for lost income since 2017." We may strike a brief and dismiss the appeal for failure to comply with the supreme court rules. *Marzano v. Dept. of Emp't. Sec.*, 339 Ill. App. 3d 858, 861 (2003). However, we have the benefit of cogent briefs from respondents, the Commission, Department, and Estèe Lauder, and so choose to reach the merits of the appeal. See *North Community Bank v.*

*17011 South Park Ave., LLC*, 2015 IL App (1st) 133672, ¶ 14 (reviewing merits of the appeal despite appellant's numerous violations of Supreme Court Rule 341(h)).

¶ 11    It is a civil rights violation under the Act for an employer to refuse to hire a prospective employee on the basis of unlawful discrimination. 775 ILCS 5/2-102(A) (West 2016). Discrimination based upon an individual's age is unlawful under the Act. 775 ILCS 5/1-102(A) (West 2016).

¶ 12    Where a petitioner brings a charge under the Act, the Department shall conduct an investigation to determine whether the allegations are supported by substantial evidence. 775 ILCS 5/7A-102(C)(1) (West 2016). If the Department determines there is no substantial evidence to support the charge, it shall dismiss the charge. 775 ILCS 5/7A-102(D)(3) (West 2016). The Department shall also dismiss the charge if it lacks subject matter jurisdiction. 56 Ill. Admin. Code § 2520.560(b)(1). (eff. Dec. 14, 2020). The petitioner may then either commence a civil action in a circuit court or, as petitioner did here, file a request for review of the dismissal with the Commission. 775 ILCS 5/7A-102(D)(3) (West 2016). A petitioner may seek direct review of a final order by the Commission directly with this court. 775 ILCS 5/8-111(B)(1) (West 2016).

¶ 13    We review the final order of the Commission, not the decision of the Department. *Zaderaka v. Illinois Human Rights Comm'n*, 131 Ill. 2d 172, 180 (1989). As an administrative agency, the Department's actions must be authorized by statute. *Ferrari v. Illinois Dept. of Human Rights*, 351 Ill. App. 3d 1099, 1103 (2004). An administrative body lacks jurisdiction to act outside its statutory authority. *Id.* The question of whether an administrative body had jurisdiction over the charge is a question of law to be reviewed *de novo*. *Board of Educ. of City of Chicago v. Cady*, 369 Ill. App. 3d 486, 493 (2006).

¶ 14    That said, in order to determine whether it had jurisdiction, the Commission needed to make a factual finding as to whether Estèe Lauder employed the requisite number of employees during the relevant time frame. An administrative agency's factual findings are deemed *prima facie* true and correct and will not be disturbed on review unless they are against the manifest weight of the evidence. *Cook County Sheriff's Office v. Cook County Com'n on Human Rights*, 2016 IL App (1st) 150718, ¶ 28; 775 ILCS 5/8-111(B)(2) (West 2016) (The Commission's findings of fact "shall be sustained unless the court determines that such findings are contrary to the manifest weight of the evidence."). An administrative agency's factual determinations are against the manifest weight of the evidence only if the opposite conclusion is clearly apparent. *Cook County Sheriff's Office*, 2016 IL App (1st) 150718, ¶ 28.

¶ 15    The Act prohibits "any employer" from engaging in unlawful discrimination. 775 ILCS 5/2-102(A) (West 2016). An employer's status as "employer" as defined in the Act is an essential element of the cause of action and must be pleaded and proved by the petitioner. *Aero Services Intern. v. Human Rights Com'n*, 291 Ill. App. 3d 740, 752 (1997). Accordingly, the petitioner must present affirmative evidence establishing that the employer falls within the statutory definition of "employer" and is subject to the provisions of the Act. *Id*. "If the employer does not have the requisite number of employees in Illinois, it is simply not subject to the Act." *Id*.; see *Dana Tank Container, Inc. v. Human Rights Com'n*, 292 Ill. App. 3d 1022, 1024 (1997) (holding that where employer employed fewer than 15 persons in Illinois, it was not an "employer" as defined in the Act). Accordingly, where a petitioner does not establish that the employer comes within the statutory definition of "employer," the Commission does not have jurisdiction over the charge, and it will be dismissed. *Id*.

¶ 16    At the time of petitioner's charge, the Act's definition of employer included "[a]ny person employing 15 or more employees within Illinois during 20 or more calendar weeks within the calendar year of or preceding the alleged violation." 775 ILCS 5/2-101(B)(1)(a) (West 2016). The Act defines person to include individuals as well as corporations. 775 ILCS 5/1-103(L) (West 2016).

¶ 17    In this case, the Commission found petitioner provided no evidence that Estèe Lauder met the definition of employer under the Act, although she asserted that at least one Estèe Lauder employee was involved with her interview at Macy's. The Commission concluded that "[r]egardless of the actions" of Estèe Lauder employees, it did not have jurisdiction over Estèe Lauder because it did not have the requisite presence in Illinois to qualify as an employer under the Act.

¶ 18    The record shows that while petitioner presented some evidence that an Estèe Lauder employee was involved in her interview process, she did not present any evidence to the Department or Commission establishing that Estèe Lauder had the requisite number of employees during the relevant period to qualify as an employer under the Act. Indeed, the evidence in the record shows that Estèe Lauder had no free-standing stores in Illinois, and individuals who work at department store cosmetic counters are employees of the department store and not of Estèe Lauder. Petitioner's own attachments before the Department and Commission show that she applied for the position with Macy's, rather than Estèe Lauder, and Macy's did not hire her. Therefore, petitioner failed to prove that Estèe Lauder met the statutory definition of "employer" and thus failed to establish that Estèe Lauder was subject to the Act. See *Aero Services*, 291 Ill.

App. 3d at 752. Accordingly, because neither the Department nor the Commission had jurisdiction over the charge, it was properly dismissed. See *id*.

¶ 19    On appeal, petitioner alleges for the first time that Macy's, Estèe Lauder, and Origins "exist in more than 100 stores" and employ more than 300 employees in Chicago and outlying suburbs, exceeding the required number of employees under the Act. She also argues that Macy's was partnered with Estèe Lauder and Origins in reviewing job applicants for Macy's counter positions. For the first time on appeal, petitioner also includes Macy's in her caption as one of the parties of record. We will not consider any issues on appeal not raised initially during the administrative proceeding. *Illinois Bell Telephone Co. v. Human Rights Comm'n*, 190 Ill App. 3d 1036, 1044-45 (1989). Further, as discussed above, petitioner filed another charge against Macy's, which was dismissed for lack of substantial evidence under a separate case number. This appeal is not the appropriate forum to review petitioner's age discrimination charge against Macy's. Petitioner's conclusory allegations regarding her understanding of the number of Estèe Lauder employees in Illinois does not establish that the Commission's factual determination was against the manifest weight of the evidence. See *Cook County Sheriff's Office*, 2016 IL App (1st) 150718, ¶ 28.

¶ 20    For the foregoing reasons, the Commission's September 10, 2020, order sustaining the Department's dismissal of petitioner's charge for lack of jurisdiction is affirmed.

¶ 21    Affirmed.