CHARLES J. ROEDL, Petitioner, v. MIDCO INTERNATIONAL *et al.*, Respondents.

Fifth District    No. 5—97—0481

Opinion filed April 29, 1998.

David Stevens, of Heller, Holmes & Associates, P.C., of Mattoon, for petitioner.

Roy G. Davis and Janet L. Jannusch, both of Davis & Campbell, L.L.C., of Peoria, for respondent Midco International.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and Michael A. Rakov, Assistant Attorney General, of counsel), for respondent Department of Human Rights.

JUSTICE HOPKINS delivered the opinion of the court:

Charles J. Roedl, complainant, appeals from a decision of the chief legal counsel of the Illinois Department of Human Rights (the Department) sustaining the Department's dismissal of complainant's charge of age discrimination against his former employer, Midco International (Midco), for lack of substantial evidence. On direct appeal to this court, pursuant to section 8—111(A)(1) of the Illinois Hu-

man Rights Act (775 ILCS 5/8—111(A)(1) (West 1996)), complainant argues that the chief legal counsel erred in sustaining the Department's dismissal because the Department failed to consider all of the evidence. We affirm.

## FACTS

On May 10, 1996, complainant filed a charge of discrimination against Midco, alleging that Midco fired him on March 26, 1996, in discrimination of his age. Complainant worked for Midco for 17 years before his termination. He was 48 years of age when he was fired. In his charging form, complainant listed 24 instances where his superiors made "negative reference to [his] age." Complainant alleged that he had "documented" each of the instances in which someone negatively referred to his age.

On June 13, 1996, Midco filed a verified response to complainant's charge, denying that it fired complainant on the basis of his age.

On February 6, 1997, the Department dismissed complainant's charge for lack of substantial evidence. The Department's investigative report was attached to the notice of dismissal. The investigative report sets forth complainant's *prima facie* case as: "1. Complainant was 48 years old. 2. Complainant was performing satisfactorily. 3. Complainant was discharged. 4. Complainant alleges Respondent does not discharge similarly situated younger employees." The Department accepted Midco's defense that "Complainant was discharged as a result of his explosive temper."

The Department listed nine witnesses that the investigator interviewed personally or by telephone. The nine witnesses were all current or former Midco employees whose statements supported Midco's defense that complainant "had temper outbursts and violent episodes that were becoming more frequent" and that complainant's work became less effective as his temper outbursts increased. Several of the witnesses stated that they had heard complainant's superiors make statements about his health but that they had not heard any derogatory remarks concerning his age.

In rebuttal of Midco's defense, complainant asserted that he was no more volatile than any other employee. Complainant also informed the investigator that another employee, Bertha Dobson, whose age complainant did not know, "was discharged because of her age." Complainant did not submit any additional information and did not submit the "diary" in which, he claimed, he detailed the negative comments by management regarding his age.

Midco claimed in surrebuttal that other employees display their tempers at the work site occasionally, but "nothing comparable to

Complainant." Midco also claimed that Bertha Dobson was not fired due to her age but because she "was reluctant to learn to use a piece of equipment associated with doing her job."

The Department stated that its finding of lack of substantial evidence was based upon evidence supporting Midco's defense that complainant had become increasingly combative on the job and that complainant was aware of the issue created by his temper. The Department found that complainant's temper outbursts became more intense and frequent toward the end of his employment. The Department found that other Midco employees occasionally succumbed to temper outbursts, but never to the extent of complainant's behavior. The Department found no evidence to corroborate complainant's allegations regarding age-related comments. The Department concluded that complainant failed to show that Midco's "articulated reasons for discharge were pretextual."

On March 13, 1997, complainant filed a timely request for review of the Department's dismissal of his charge of discrimination. In his 16-page argument, complainant argued, "[M]uch of the information gathered [by the Department] was either untrue or deliberately distorted to cover up the fact that MIDCO management repeatedly referred to my age prior to my termination." Complainant charged that "a complete and thorough investigation was not conducted."

In support of his request for review, complainant submitted his observations about the evidence and the Department's investigation. Complainant did not submit the testimony of any other witnesses. Although he frequently referred to the "diary" in which he documented all of the derogatory comments about his age, he did not submit the diary or any other exhibits in support of his argument. The majority of complainant's argument is devoted to a discussion of the manner in which others, especially Rick Drumm, complainant's supervisor and Midco's chief executive officer, acted similarly to or worse than complainant. Complainant's viewpoint is that the testimony of the other Midco employees, who testified favorably for Midco, is not credible. Complainant argued that the Department's investigation was not thorough and that if a more thorough investigation were conducted, the Department would have known that Midco "deliberately" concealed the age discrimination in complainant's termination.

Midco responded: "The bulk of the material the Complainant has asserted in support of his Request for Review was not presented by him to the Department's investigator." (Emphasis omitted.) Midco charged, "It is fundamental that Complainant cannot sit on his hands during the investigation and wait until the Request for Review stage

of the investigation to disclose his alleged facts and legal theories." Midco argued that much of complainant's argument was irrelevant and did not add anything to his charge of age discrimination and that the evidence considered by the Department's investigator was overwhelming.

On June 6, 1997, the chief legal counsel sustained the Department's dismissal of complainant's charge of discrimination. The basis for the chief legal counsel's decision was the lack of substantial evidence. In support of her order, the chief legal counsel listed the following findings of fact and reasons:

> "[B]eginning in August 1989, and continuing until the time of his discharge, Complainant was repeatedly counseled by [Midco] that his behavior was inappropriate. The investigation documents numerous incidents when Complainant was unable to control his temper resulting in repeated physical and verbal outbursts.
>
> *** Because of such incidents, on March 26, 1996, Complainant was discharged for his inability to control his temper. The investigation is devoid of evidence that suggests that Complainant's age was a factor in [Midco's] discharge of Complainant. Accordingly, Complainant has failed to submit sufficient evidence to establish that [Midco's] stated reason is pretextual.
>
> *** Complainant, in his timely Request for Review, fails to present any relevant additional materials in support of his position, except to mention a diary in which he has documented all incidents of alleged age discrimination committed against him by [Midco]. Complainant has not shown good cause why he has failed to present this evidence to the investigator previously, however, and accordingly, it cannot be considered at this time."

## ANALYSIS

On appeal, complainant argues that the chief legal counsel erred in sustaining the Department's dismissal of his charge of age discrimination. Complainant insists that he presented sufficient evidence to establish a *prima facie* case of unlawful age discrimination. We agree that complainant established his *prima facie* case, and we find that both the Department and the chief legal counsel accepted this as well.

■ A *prima facie* case of age discrimination is established by a showing, by a preponderance of the evidence, that (1) the complainant is a member of a protected class (age 40 or over), (2) he was doing the job well enough to meet his employer's legitimate expectations, (3) he was discharged or demoted, and (4) the employer sought a replacement for him. *Southern Illinois Clinic, Ltd. v. Human Rights Comm'n*, 274 Ill. App. 3d 840, 847 (1995). In the case at bar, the evi-

dence established that complainant was over 40, that he was doing his job well enough except for his inability to control his temper, and that he was fired. There is no evidence that complainant was replaced, but it is obvious from the record that both the Department and the chief legal counsel determined that complainant established a *prima facie* case of age discrimination.

■ Once a *prima facie* case of discrimination is established, "a rebuttable presumption arises that the employer unlawfully discriminated against" the complainant. *Zaderaka v. Illinois Human Rights Comm'n*, 131 Ill. 2d 172, 179 (1989). In order to rebut this presumption, the employer "must articulate, not prove [citation], a legitimate, nondiscriminatory reason for its decision." *Zaderaka*, 131 Ill. 2d at 179. In the case at bar, Midco articulated its reason in response to complainant's charge: complainant's frequent, unreasonable temper outbursts.

By articulating "a legitimate, nondiscriminatory reason" for complainant's discharge, Midco "carrie[d] its burden of production," and the presumption of unlawful discrimination fell. *Zaderaka*, 131 Ill. 2d at 179. Complainant was therefore compelled to prove by a preponderance of the evidence that Midco's articulated reason, complainant's unreasonable temper outbursts, "was not its true reason[ ] but was instead a pretext for unlawful discrimination." *Zaderaka*, 131 Ill. 2d at 179. Complainant's burden in this regard was part of his ultimate burden to prove that Midco unlawfully discriminated against him, which remained with complainant "at all times." *Zaderaka*, 131 Ill. 2d at 179.

■ Whether Midco's articulated reason for discharging complainant was pretextual is a question of fact. *Zaderaka*, 131 Ill. 2d at 180. Thus, the question before this court is whether the chief legal counsel's finding of no pretext is against the manifest weight of the evidence. *Zaderaka*, 131 Ill. 2d at 180; 775 ILCS 5/7—101.1 (West 1996). The function of the chief legal counsel is the same as formerly assigned to the Human Rights Commission: "to determine whether substantial evidence exists to warrant further proceedings on the charge." *Whipple v. Department of Rehabilitation Services*, 269 Ill. App. 3d 554, 556 (1995). It is not the function of the chief legal counsel to resolve questions of fact, which are entirely within the province of the Department. *Whipple*, 269 Ill. App. 3d at 556.

The reviewing court cannot reweigh the evidence or substitute its judgment for the trier of fact, here the Department. *Clyde v. Human Rights Comm'n*, 206 Ill. App. 3d 283, 291 (1990). "Findings of fact are entitled to deference, and this is particularly true of credibility determinations." *Zaderaka*, 131 Ill. 2d at 180. Since the chief legal

counsel reviewed the Department's findings of fact and was only to determine if substantial evidence existed to support complainant's charges, our review is limited to deciding whether the chief legal counsel's decision dismissing complainant's charge for lack of substantial evidence is "arbitrary and capricious or an abuse of discretion." *Marinelli v. Human Rights Comm'n*, 262 Ill. App. 3d 247, 253 (1994). Our review is of the chief legal counsel's decision, not the decision of the Department. *Marinelli*, 262 Ill. App. 3d at 253.

■ Complainant could have shown that Midco's explanation of why it fired him was pretextual either directly, by showing that the discriminatory reason more likely motivated the employer, or indirectly, by showing that the employer's explanation is not worthy of credence. See *Southern Illinois Clinic, Ltd.*, 274 Ill. App. 3d at 846. Complainant argues, however, that he "was not given the opportunity" to prove that Midco's explanation was a pretext for discrimination. He bases this argument upon the chief legal counsel's refusal to consider his "diary." This argument must fail. Complainant never produced the "diary" for either the Department or the chief legal counsel to review. Moreover, complainant never explained why he did not offer the "diary" to the Department during its investigation or why he did not offer to supplement the record before the chief legal counsel with the "diary." Without some explanation for why complainant previously omitted the submission of the "diary," the chief legal counsel did not abuse her discretion in refusing to consider this so-called evidence.

The chief legal counsel was empowered to review the Department's order, any argument or supplemental evidence submitted, and the results of any additional investigation conducted by the Department. *Marinelli*, 262 Ill. App. 3d at 253; 775 ILCS 5/7—101.1(B) (West 1996). The chief legal counsel reviewed the Department's factual findings and determined that there was no substantial evidence to support complainant's charge of discrimination. In making this determination, the chief legal counsel was required to adopt the Department's factual findings unless they were against the manifest weight of the evidence. *Marinelli*, 262 Ill. App. 3d at 253; 775 ILCS 5/7—101.1(B) (West 1996).

The record is clear that there was ample evidence from which the Department could find Midco's reason for firing complainant to be legitimate. The record is devoid of any evidence to support complainant's argument that Midco's explanation was pretextual. In fact, complainant's arguments consist entirely of speculation, conjecture, and complainant's opinion that the other witnesses were not worthy of belief. Thus, the chief legal counsel's decision, sustaining the

Department's dismissal of complainant's charge of discrimination, was not an abuse of discretion.

For all the reasons stated, we affirm the decision of the chief legal counsel dismissing complainant's charge for lack of substantial evidence.

Affirmed.

MAAG and KUEHN, JJ., concur.